KELLY GREENS INVESTMENT COMPANY, Appellee,

v.

OHIO LIQUOR CONTROL COMMISSION, Appellant.

[Cite as *Kelly Greens Invest. Co. v. Ohio Liquor Control Comm.* (1996), 111 Ohio App.3d 13.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 95–T–5308.

Decided May 10, 1996.

*Thomas C. Nader* and *Nathan Gordon,* for appellee.

*Betty D. Montgomery,* Attorney General, and *Barbara A. Serve,* Assistant Attorney General, for appellant.

CACIOPPO, Judge.

This is an appeal from a Trumbull County Court of Common Pleas judgment which reversed a Liquor Control Commission decision which found appellee, Kelly Greens Investment Company, in violation of Ohio Adm.Code 4301:1–1–53(B).

On August 29, 1994, agents from the Department of Liquor Control ("department") visited McMenamy's, a pub owned by appellee. This bar had valid D–1, D–2, and D–3 liquor licenses. At that time, they witnessed a licensed bingo game being conducted by the Warren Athletic Club, a nonprofit organization which rented the establishment as a location in which to run this game.

Appellee was cited for violation of Ohio Adm.Code 4301:1–1–53(B), specifically for allowing gambling in a liquor establishment that was licensed by the state. A hearing was held before the Liquor Control Commission ("commission") on November 3, 1994. On November 10, 1994, the commission issued its decision, finding appellee in violation of Ohio Adm.Code 4301:1–1–53(B), but it imposed no penalty for the violation.

Appellee appealed this finding to the Trumbull County Court of Common Pleas on November 18, 1994, pursuant to R.C. 119.12. On July 16, 1995, the court issued its ruling, reversing the commission's finding of a violation. The department now appeals to this court, raising the following single assignment of error:

"The lower court erred when it over-ruled [*sic*] the order of the Liquor Control Commission and found that bingo could be conducted on a liquor permit premises."

The standard of review for an appellate court reviewing an administrative determination is the same one that was employed by the common pleas court below. R.C. 119.12 states that a finding will be affirmed when it "is supported by reliable, probative, and substantial evidence and is in accordance with law."

R.C. 4301.03(B) provides the authority for the commission to promulgate and enforce regulations concerning, among other things, gambling activities in liquor establishments under the jurisdiction of the department. The statute specifically prohibits any rule or order which would prohibit holders of D–4 permits "from selling or serving beer or intoxicating liquor under its permit in a portion of its premises merely because that portion of its premises is used at other times for the conduct of a charitable bingo game." Regulations concerning other activities in establishments holding different liquor permits are allowed.

The department has promulgated rules pursuant to the mandate of R.C. 4301.03(B). Ohio Adm.Code 4301:1–1–53(B) provides:

"No person authorized to sell alcoholic beverages shall have, harbor, keep, exhibit, possess or employ or allow to be kept, exhibited or used in, upon or about the premises of the permit holder of any gambling device as defined in division (F) of section 2915.01 of the Revised Code which is or has been used for gambling offenses as defined in division (G) of section 2915.01 of the Revised Code."

R.C. 2915.01(G) defines "gambling offenses" as violations of R.C. 2915.02 to 2915.11. The offense implicated in this case is R.C. 2915.04, which makes it illegal to engage in or permit the playing of games of chance. R.C. 2915.04(C) states that "[t]his section does not prohibit conduct in connection with gambling expressly permitted by law." So long as the licensing procedures provided in R.C. 2915.08 are followed, charitable organizations may legally conduct licensed bingo games, and thus are exempt from the operation of R.C. 2915.04. Also, R.C. 2915.01(F), which defines "gambling devices," explicitly excludes from the definition items used for charitable bingo games. For the purposes of the operation of the criminal gambling statutes under R.C. 2915.01, the section referred to by Ohio Adm.Code 4301:1-1-53(B), the bingo game in question was not in violation of Ohio law.

Because charitable bingo games which are held by charitable entities are legal activities in Ohio, holding such activities in liquor establishments is an activity which is permitted by the regulations and statutes as they are presently constructed. While the broad language of R.C. 4301.03 allows the department to promulgate rules and regulations which would restrict gaming in liquor establishments of any kind, except for charitable bingo games conducted in D-4 permit establishments, the commission has chosen not to do so. Additionally, the court below correctly noted that R.C. 2901.03(A) abrogates any possible common-law crimes to support the department's position.

Accordingly, the trial court did not err when it determined that the Liquor Control Commission's decision was contrary to law, as no statute, rule or regulation prohibiting such conduct has been promulgated.

The decision of the Trumbull County Court of Common Pleas is affirmed.

*Judgment affirmed.*

CHRISTLEY and JOSEPH E. MAHONEY, JJ., concur.

MARY CACIOPPO, J., retired, of the Ninth Appellate District, sitting by assignment.